■ ANTHONY THOMAS, JR., an Infant, by ROSETTA V. THOMAS, His Mother, et al., Respondents, v CORNING GLASS WORKS et al., Appellants. — Judgment of the Supreme Court, Bronx County (Callahan, J.), entered April 22, 1982, after trial by jury, awarding the infant plaintiff $1,000,000 in damages, with interest from April 20, 1982, and plaintiff mother Rosetta Thomas $12,900, with similar interest, plus costs and disbursements, is affirmed, without costs. The plaintiffs claimed and the jury found in this products liability action, that a Pyrex coffee pot manufactured by defendant Corning Glass Works and sold by defendant, Alexander's, Inc., burst as a result of a defect in the manufacturing process and severely and seriously injured the infant plaintiff both physically and emotionally. The origin of the defect was claimed by defendants to be a result of "stress" caused by misuse by the mother. The plaintiffs proved to the

jury's satisfaction, however, that the "stress" defect was introduced during manufacture. Eventually plaintiffs' expert was called on rebuttal and testified for some 10 minutes. Mr. Adams was present with defendants' counsel during that testimony. After direct examination, defendants' counsel requested a brief recess and plaintiffs' counsel objected. The court noted, without ruling on its merits, that the objection was based on opposition to defendants' counsel speaking to their expert. Defendants' counsel said, "I won't talk to him." After an unstated period of time, the record discloses a colloquy in the robing room in which defendants' counsel requested an opportunity to "confer with my client with respect to whether I want any cross-examination of Dr. Doremus, based upon what he just testified to and whether I am going to want any surreply witness at all." He assured the court that he would not talk to Dr. Frechette, who would be the witness that he might call on surrebuttal. After argument, the court denied the request. Under all the circumstances, we do not believe that this ruling, absent any showing of prejudice, requires a reversal of the verdict on the claim that defendants' right to counsel had been infringed. Preliminarily we note that a lawyer has the right to talk to an expert with regard to the testimony of an opposing expert witness to secure assistance either for purposes of cross-examination of the opposing expert or as preparation for the testimony of the lawyer's own witness. This right was never asserted by defendants' counsel. Without any ruling by the court he agreed not to talk to his "expert" during the requested recess. From the very nature of defendants' later application it is apparent that he himself appreciated that his undertaking in connection with the application for a recess might well have been understood by the court to apply to both witnesses who had testified for him as experts. Under all the circumstances, the trial court could reasonably have interpreted the belated application to represent an effort to evade a previously given undertaking. Even if the trial court's ruling were nonetheless deemed to be error, as we are inclined to think that it was, we are not persuaded that it involved a violation of the right to counsel of a kind that requires reversal in the absence of any showing of prejudice. Realistically, Mr. Adams was at the trial in his capacity as an expert in a litigation turning in part on conflicting expert testimony, not as a "client" to be consulted on trial strategy. He was at defense counsel's table during the rebuttal testimony of plaintiffs' witness. Defense counsel in effect volunteered not to speak to his "expert", a term which all present could have understood as applying to both Mr. Adams and Dr. Frechette. The record is not persuasive that counsel wished to talk to Mr. Adams as a client, and not as an expert, which latter he had agreed not to do. No showing whatever is made that defendants' counsel, who exhibited sophistication in the manufacturing processes and properties of the defendants' product throughout the trial, would have learned something during the recess that might in any way have affected subsequent trial strategy. We have examined the remaining contentions by appellants and find them to be without merit. Concur — Sandler, Carro, Asch and Fein, JJ. Kupferman, J. P., concurs in the result only.